FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**   2016 MAY -9  A 8: 32
**Southern Division**

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

|  |  |
|---|---|
| **DINO D. BROWN, #435416,** | * |
| **Plaintiff,** | * |
| **v.** | *     **Case No.: GJH-16-1272** |
| **STATE OF MARYLAND,** *et al.,* | * |
| **Defendants.** | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

On April 28, 2016, Dino Brown filed this 42 U.S.C. § 1983 complaint seeking a total of $3 billion in damages, release, pardon and expungement of his criminal record. *See* ECF No. 1. Brown, who is confined at the Central Maryland Correctional Facility in Sykesville, Maryland, filed suit against the State of Maryland, the Maryland Governor, the Frederick County Offices of Parole and Probation and the Public Defender, and individual Frederick County Judges, Public Defenders, and Probation Officers. *Id.* He claims that he was maliciously, unfairly, and wrongly prosecuted beginning in 2009, and his conviction resulted in him being sentenced to a seven-year term in 2015. *Id.* at 5.[1] Brown claims that he was criminally prosecuted for what was essentially a civil matter and that racist animus motivated his prosecution. He claims that he has been a model citizen and the "lies and prejudice" of a probation officer, as well as the racist judge and prosecutor, in tandem with an "incompetent public defender," resulted in his wrongful

_____

[1] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers

prosecution. ECF No. 1 at 5–9. Because he appears indigent, Brown shall be granted leave to proceed in forma pauperis. *See* ECF No. 2.

Section 1915A of Title 28 of the United States Code provides for screening of any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009). Before permitting the case to move forward or requiring a response from the defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Williamson v. Angelone*, 197 F. Supp.2d 476, 478 (E.D. Va. 2001); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The screening is necessary to determine whether defendants should be required to respond to the action.

The state court docket shows that in May 2009, Brown pled guilty to one count of uttering a bad check with insufficient funds for $500 or more and was sentenced to a six-year and ten-day term of incarceration. The docket additionally indicates that an order for probation was issued on May 5, 2009 and the case was reopened on a violation of probation in December 2012. There is no showing that the criminal judgment was overturned or otherwise officially rendered invalid. *State v. Brown*, Case No. 10K09045765 (Circuit Court for Frederick County, Maryland), available at http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

To the extent that Brown is seeking damages for civil rights violations related to government employees' alleged illegal acts involving his criminal case under 42 U.S.C. § 1983,

---

generated by that system.

the case shall be summarily dismissed without prejudice as the claims are not cognizable under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994).

The plaintiff in *Heck*, an Indiana state prisoner, sued two state prosecutors and a state investigator who had participated in the investigation leading to the plaintiff's conviction. The plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. The Supreme Court explained, in relevant part:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486–87 (emphasis in original).

Thus, under *Heck*, Brown's Complaint for damages may not proceed insofar as it asserts a claim for damages challenging the constitutionality of his incarceration because a judgment in Brown's favor would necessarily imply the invalidity of his criminal conviction.

For the foregoing reason, Brown's motion for leave to proceed in forma pauperis is granted. The Complaint, however, shall be dismissed without prejudice.  A separate Order follows.

Dated: May  6  , 2016

GEORGE J. HAZEL
United States District Judge

4